ESTATE OF DIAZ *v.* THE DISTRICT COURT.

APPLICATION for a Writ of *Certiorari.*

No. 10.—Decided June 24, 1905.

CERTIORARI—JURISDICTION.—The fact that an inferior court has under considera-
tion a motion to dismiss an appeal taken to the Supreme Court and another mo-
tion praying for the appointment of an administrator, does not imply that
the court has exceeded its jurisdiction to the extent that a writ of *certiorari*
would lie.

ID.—COMPULSORY MEETING OF CREDITORS—BANKRUPTCY.—The writ of *certiorari*
will not issue to prevent a compulsory meeting of creditors from being held
as such and to require that the proceedings be had in accordance with bank-
ruptcy procedure.

The facts are stated in the opinion.

*Mr. Jose Guzman Benitez* for applicant.

Mr. JUSTICE HERNANDEZ delivered the opinion of the court.

Attorney Jose de Guzman Benitez, on behalf of the Es-
tate of Maria Diaz, widow of Veve, filed a sworn application
in this court on the 21st instant, praying for the issue of a
writ of *certiorari* requiring the District Court of San Juan
to transmit to this superior court the record of the proceed-
ings in the involuntary insolvency of Jose Avalo Sanchez and
of everything connected with said insolvency and also of an
incidental issue of nullity and execution of the judgment re-
lating thereto, for a review thereof and for the correction
and amendment of the errors which said district court is now
committing in the proceedings in said matter, and to extend
the writ of *certiorari* to include the record of the execution
proceedings prosecuted by Maria Diaz, widow of Veve,
against Jose Avalo Sanchez, which by consolidation there-
with forms part of the insolvency proceedings, this court also
requiring the District Court of Humacao to forward the facts
of said execution proceedings which show the record of the
ownership of the "Bello Sitio" plantation in favor of the
widow of Veve.

According to the statement of the petitioning Estate, Jose Avalo Sanchez was adjudged an involuntary insolvent about ten years ago upon the petition of Vicente Balbas Capo, the proceedings being prosecuted before the former Court of First Instance of San Francisco in San Juan, there being consolidated therewith, notwithstanding the objections thereto of the widow of Veve, execution proceedings which she was prosecuting in the Court of First Instance of Humacao against the "Bello Sitio" estate situated in Fajardo, for the recovery of a mortgage credit due her from Jose Avalo Sanchez, which consolidation gave rise to the said estate being made part of the assets of the insolvent and placed under the administration of an assignee, a relative of the insolvent. This estate had been awarded to Maria Diaz, widow of Veve, and later recorded in her favor in the Registry of Property of Humacao, when Vicente Balbas Capo, who had applied for the adjudication in insolvency, appeared in the San Juan Court, withdrawing from the prosecution of the general action, said court holding by order of April 25, 1900, that Balbas Capo had withdrawn from and abandoned the prosecution of the insolvency proceedings, and taxed the costs against him. Maria Diaz had attempted without success to be made a party to the insolvency proceedings in order to recover the "Bello Sitio" estate; but one year after the withdrawal, that is to say, on May 15, 1901, the acting presiding judge of the District Court of San Juan, Jose R. Savage, ordered, upon the petition of Maria Diaz, that delivery of the "Bello Sitio" estate be made to her, and she was thus restored to possession thereof, the record of the execution proceedings being returned to the District Court of Humacao. Against this decision Avalo Sanchez raised an incidental issue in the insolvency proceedings to have it annulled, and the present District Court of San Juan, by judgment of May 31st last admitted the incidental issue and as a result annulled the order of May 15, 1901, and ordered that the estate of "Bello Sitio" be again made part of the assets

of the insolvent. From this judgment the Estate of Maria
Diaz took an appeal on the 16th instant, before said judgment
had been entered in the judgment book of the court, and upon
its being entered the following day, it again took an appeal,
the proper petition being presented to the secretary. After
the rendition of judgment, Avalo Sanchez made two motions
to the court, one for the seizure of the ''Bello Sitio'' estate,
and the other for the dismissal of the appeal. The 20th in-
stant having been set for a hearing on both motions, the ap-
pellant alleged that the district court did not have jurisdic-
tion to take cognizance of either of these motions, because an
appeal had been taken from the decision of the incidental
issue of nullity, notwithstanding which, said court set the
28th for a hearing of arguments of the parties in order to
decide whether the appeal should be allowed or dismissed,
and, in a proper case, to decide the same day on the petition
for the appointment of an assignee in the insolvency pro-
ceedings.

With the facts stated as a basis, the applicant alleged that
the procedure followed by the District Court of San Juan did
not conform to the provisions of the law: (1) Because said
district was assuming jurisdiction of involuntary insolvency
proceedings, which had been virtually terminated by the with-
drawal of the only creditor who petitioned therefor, and this
is contrary to the special character of involuntary insolvency
proceedings and the provisions of articles 1154, 1156, 1165
and 1167 of the former Law of Civil Procedure, according to
which, when no action is taken by the petitioning creditors,
the proceedings are discontinued; and when the proceedings
are discontinued, judicial intervention ceases; (2) Because
the San Juan court lacks jurisdiction to hear and decide mat-
ters which are the subject of the action appealed after the in-
terposition of the appeal; (3) Because the execution of a
judgment cannot be proceeded with when one of the parties
has taken an appeal therefrom; (4) Because since the pro-
mulgation in Porto Rico of the Organic Act of April 12, 1900,

known as the Foraker Act, involuntary insolvency proceedings can be prosecuted only as an involuntary bankruptcy.

The applicant concludes by alleging that he has no other ordinary remedy under the law to prevent the continuation of the procedure adopted by the District Court of San Juan.

We have carefully considered the statements of fact and the provisions of law adduced in support of the prayer that the writ of *certiorari* applied for issues, and are of the opinion that such writ cannot be granted.

Even though an appeal has been taken from the judgment of May 31, 1901, of the District Court of San Juan, ordering the return to the assets of the insolvent, Avalo Sanchez, of the "Bello Sitio" estate, this does not prevent said court from taking cognizance of the two motions made for the dismissal of said appeal and the seizure of the "Bello Sitio" estate. Proceedings on such motions do not imply in themselves any extra limitation of jurisdiction, and this particular could be heard only upon a proper appeal after the decision of said motions, and not before.

If the petitioning estate believes that the involuntary insolvency proceedings of Avalo Sanchez cannot be further prosecuted except as an involuntary bankruptcy, let it adopt the measures which may be proper in law to attain its ends, but a writ of *certiorari* is not the proper remedy for the purpose.

For the reasons stated, the application for a writ of *certiorari* should be denied.

*Denied.*


Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred.

Mr. Justice Wolf did not take part in the decision of this case.